JASPER OWENS v. THE STATE.

No. 12071.   Delivered January 23, 1929.
Rehearing denied February 20, 1929.

The opinion states the case.

*Earl M. Greer* of Wills Point for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The State's testimony is this:   The appellant was observed by a deputy sheriff driving an automobile and a collision took place. After the collision the appellant jumped out of his car and ran, at the same time dropping a bottle of whisky.   The car in which he

was riding was searched and two pints of whisky were found therein. The appellant's car was not on the highway but was being driven into the highway from out of a place belonging to a man named Pierce.

There was no error in refusing the peremptory instruction of which complaint is made in Bill of Exceptions No. 1.

Bill No. 2 complains of the testimony of the witness White with reference to finding whisky in the car, the ground being that there was no search warrant and no "probable cause." According to the testimony of White, when the collision occurred, the appellant jumped out of the car and dropped a bottle of whisky. Acting upon that circumstance, the search was made. We are not prepared to say that there was not "probable cause" for making the search. Cornelius on Search and Seizure, Sec. 49, notes pp. 187–188.

Bill No. 3 objects to the testimony of Osborne to the finding of the whisky in the car upon the ground that there was no search warrant. The search warrant was not introduced in evidence but from the evidence it appears that the officers had a warrant to search the premises of Bruce Pierce. The transaction upon which the prosecution was founded occurred just as the appellant was driving out of Bruce Pierce's place. We gather from the testimony that Bruce Pierce was a relative of the appellant and was charged with violation of the law against the liquor traffic. As stated above with reference to Bill No. 2, we think there was "probable cause" for the search independent of a search warrant.

Bill No. 4 presents the same question, namely, that there was no "probable cause" for the search and that therefore the search was illegal and the evidence obtained thereunder was not admissible in evidence.

For the reasons stated above that there was a "probable cause" for the search of the appellant's car, the contention is deemed untenable.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant calls attention to the fact that the officer's testimony shows he purposely headed his car into the one driven by appellant in order to stop him, and argues that such act on the officer's part was unauthorized and was the beginning of an illegal search. The officers said they "were looking for Pierce."

The record is silent as to why they were looking for him. It negatives the idea that they were looking for appellant or had any information which would cause them to want to search his car. As the officers approached Pierce's place the car driven by appellant was leaving and the cars met about fifteen feet from the highway inside of Pierce's premises. It was at night and the headlights were burning on both cars. For some reason undisclosed by the record the officers wanted to stop appellant's car and to accomplish that purpose headed their car into appellant's. There is no suggestion that up to this time they entertained any idea of searching appellant's car. No one was hurt as a result of the cars colliding, nor is there any evidence of injury resulting to either of the cars therefrom. When the collision occurred appellant jumped out of his car, ran away, and was seen by the officers to drop a bottle of whisky. A man with appellant remained in the car. After appellant was seen to drop the whisky as he was fleeing the officers searched his car and found in it two more pints of whisky. As we understand the record the search of the car resulted from the observation by the officers of appellant dropping the whisky. If it be conceded that the officers were in the wrong in bringing about the collision, still we cannot regard it as the beginning of a search which up to that time is not shown to have been contemplated. The consequences of a collision such as here described would not ordinarily result in some one jumping out of a car, running away and losing part of his whisky, hence it could not be held that the officers reasonably expected this to occur and engineered the collision to effect such a result.

Believing our former disposition of the case to be correct the motion for rehearing is overruled.

*Overruled.*