RAYMOND REED v. THE STATE.

No. 12354. Delivered February 27, 1929.
Rehearing denied April 3, 1929.

150

The opinion states the case.

*L. D. Griffin* of Plainview, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

There are three bills of exception. The first sets out certain testimony and that to same certain objections were made and overruled, and that appellant excepted. No facts are certified in the bill from which we may know that the grounds of the objections were well taken. Such a bill is not sufficient. Hennessy v. State, 23 Tex. Crim. Rep. 340; Dixon v. State, 109 Tex. Crim. Rep. 209; Duda v. State, 109 Tex. Crim. Rep. 573.

Bill No. 2 sets out the testimony of a witness to the fact that he saw whisky on the floor boards of appellant's car and a quantity of whisky on the ground at the time and place of appellant's arrest. The objection to this was that it was a conclusion. It appears to be a statement of a fact within the knowledge of the witness, and it was not erroneous to admit it.

Bill No. 3 presents a lengthy statement of the testimony of witness Grigsby, to which objections were made as therein set out, but same are not verified as is required. The bill then sets out at length the cross-examination of Mr. Grigsby, and further states that appellant's exceptions "above set out" were made in a motion, and the court was asked to strike out the direct testimony from the record.

Plainly such a complaint, whether by bill of exceptions or motion to strike out, was entirely too general and inclusive, and same was properly overruled. The evidence amply supports the verdict and judgment. The indictment, charge of the court and sentence are in correct form.

No error appearing, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant complains because we expressed the opinion that his bills of exception were not sufficiently full to present error. Regardless of his bills there appears to have been no error committed in permitting the officers to give evidence as to the result of the search of appellant's car. From the statement of facts we learn that two officers observed appellant in his car stopped by the side of the road. They were not looking for him at that time nor expecting to find him there. One of them says he had been looking for him prior to that time; the reason was not developed. Upon the occasion of the search the officers drove by appellant's car some fifty or sixty feet, got out of their car and went back towards appellant; in the meantime he had started his car; they told him to stop and as they walked towards his car they observed a liquid pouring out of the bottom of the car on to the ground. They then searched the car and found the liquid to be whisky and that the whole front end of the car was saturated with it. In the car they found a half gallon fruit jar practically empty. It had contained whisky. They also found in his car two or three empty pint bottles, some corks and a funnel. Why the officers stopped and went back towards appellant's car does not appear from the record. No search of the car was made until the whisky was observed running through the floor boards of the car, and it is not shown that any search was contemplated until this was observed by the officers. Under many authorities this would seem to furnish "probable cause" for the search of the car. The nearest in point on facts is Owens v. State, 13 S. W. (2d) 837. See also Battle v. State, 105 Tex. Crim. Rep. 568, 290 S. W. 762; Rochelle v. State, 107 Tex. Crim. Rep. 79, 294 S. W. 860; Washington v. State, 107 Tex. Crim. Rep. 214, 296 S. W. 512.

The motion for rehearing is overruled.

*Overruled.*