Isaac **WILLIAMS**, Appellant,

v.

*The* **STATE** *of Texas, Appellee.*

No. 46750.

Court of Criminal Appeals of Texas.

April 4, 1973.

Keith Marks, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

Appellant appeals from the revocation of his probation; sentence, 7 years.

On October 16, 1970, appellant plead guilty before the court to assault with intent to commit murder with malice, and on the same day he was admitted to probation for 7 years, conditioned, among other things, that he commit no offense against the laws of this state.

On May 18, 1971, the State filed a motion to revoke probation, alleging that on December 20, 1970, appellant committed an aggravated assault on a female, to-wit: Eula McClendon.

Hearing was held on the motion to revoke on June 11, 1971, before the same judge who had granted probation and who tried the murder case hereafter mentioned. Appellant was represented by the same retained counsel on the murder trial and on the hearing to revoke probation.

Appellant was tried for the murder of Eula McClendon, which offense was alleged to have occurred on December 20, 1970, and was found not guilty. The evidence admitted on that trial was incorporated in the record on the revocation hearing without objection.

The findings and conclusions of the judge when he revoked probation are as follows:

"The case in cause No. C–71–698–NL, entitled The State of Texas vs. Isaac Williams tried in this Court is incorporated into and made a part of the record in this case by agreement of all parties concerned. The defendant Isaac Williams was represented in that cause as in this one by the Hon. Keith Marks. In the aforesaid case in which the said Isaac Williams was being tried for murder, he took the stand and testified that he struck the deceased Eula McClendon several times in the face and hit her on the head. She bled so profusely he had to wash the blood off of his pickup truck. Several witnesses testified to seeing the said Isaac Williams assault the said Eula McClendon. The autopsy showed her to have contusions about the face, above the eyes, a cut lip, and her front teeth were pushed back.

"Eula McClendon was found dead a short time after the aforesaid assault was witnessed. She had a bullet hole in her head from which she died. Isaac Williams was acquitted primarily because ther__were no eye witnesses to said shooting. The Jury in cause No. C–71–698–NL made a specific finding that the defendant was not guilty of murder. They in no way acquitted him of aggravated assault and such issue was not submitted to the Jury. The aggravated assault is clear and indisputed.

"This Court finds specifically and unequivocally that Isaac Williams is guilty of aggravated assault under the terms of Article 1147, V A P C. The Court finds that the State's allegations that Isaac Williams violated the terms and conditions of his probation in this cause are true and that said probation should be and is hereby revoked."

The facts found by the trial judge were fully developed by the record in the murder trial placed in this record. There was no objection to any of the procedure recited.

■ There being no objection to the use, in the revocation hearing, of the evidence before the court on the murder case, the appellant cannot now complain. Jones v. State, Tex.Cr.App., 482 S.W.2d 634, and many cases collated under Article 38.01, Vernon's Ann. C.C.P., at Note 261.

■ This evidence clearly established that appellant committed an aggravated assault as alleged in the motion. Revocation of probation is a matter in the discretion of the trial court. Chavez v. State, Tex. Cr.App., 462 S.W.2d 283; Patton v. State, Tex.Cr.App., 450 S.W.2d 856; 16 Tex.Jur. 2d, Criminal Law, par. 457.

■ Appellant now complains because the trial judge had heard the murder case, had formed an opinion that the evidence

showed a violation of appellant's probation, and initiated the revocation proceedings. He did not object at the time of the hearing or seek to disqualify the judge or to have him recuse himself.

Article V, Section 11, of the Constitution of Texas, Vernon's Ann.St., provides for the circumstances under which a judge is disqualified. None of these are on the grounds mentioned by appellant in his complaint. The constitutional grounds of disqualification are exclusive; that is, they specify all the circumstances that forbid a judge to sit. 33 Tex.Jur., p. 390, Sec. 27 et seq., and many cases cited.

We hold that the judge was not disqualified.

All of appellant's grounds of error are overruled.

There being no error in the record, the judgment is affirmed.

Opinion approved by the Court.