**Richard DURAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 53651, 53652.**

Court of Criminal Appeals of Texas.

June 29, 1977.

Calvin A. Hartmann, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Larry P. Urquhart, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

Cause No. 53,651 is an appeal from an order revoking probation. Cause Number 53,652 is an appeal from a conviction for the possession of heroin.

## CAUSE NUMBER 53,651

The appellant waived a jury trial, entered a plea of guilty, and was convicted for the offense of possession of heroin on September 19, 1973; the punishment assessed was imprisonment for 10 years; the imposition of sentence was suspended and the appellant was placed on probation.

On August 21, 1975, the court revoked probation after finding the appellant had possessed heroin on April 3, 1975, in violation of a condition of probation that he would commit no offenses against the laws of this State.

The appellant contends that the court abused its discretion in revoking probation; he asserts the heroin admitted in evidence was unlawfully obtained and that the evidence is insufficient to show that he was in possession of the heroin found by the officers.

At approximately 1:00 p. m. on April 3, 1975, a City of Houston police officer M. R. Wood received information that the appellant, accompanied by his wife, had just left a house at 1116 Brooks Street with heroin in his possession which he was going to sell. The informer told Wood the appellant would be driving a late model blue Mustang

automobile and told Wood the license tag number of that automobile. Wood was given this information in a telephone conversation; Wood knew the informer who on three former occasions had given Wood information which was true about unlawful narcotic transactions. Wood was told by the informer he had personal knowledge of the information he gave.

Wood knew the appellant and knew that he had trafficked in narcotics. Wood and Officer N. B. Brumley, immediately after Wood received the information, drove from the police station toward the house at 1116 Brooks Street. About two blocks from that house they saw the appellant driving the car the informer had described; the officers stopped the car at approximately 1:30 p. m. Wood asked the appellant and his wife to get out of the car. Brumley opened the appellant's car door on the driver's side. He observed a piece of folded waxed paper on the floorboard carpet between the driver's seat and the door.

The packet of waxed paper contained a brown powdered substance which was analyzed by Floyd McDonald, a chemist and toxicologist and the laboratory director for the City of Houston Police Department. He testified that the brown power in the waxed paper packet was about seven percent pure heroin and that it weighed 162 milligrams.

■ The facts and circumstances already recited show the officers had probable cause to stop and arrest the appellant. See *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *Almendarez v. State,* 460 S.W.2d 921 (Tex.Cr.App.1970); *Sanders v. State,* 482 S.W.2d 648 (Tex.Cr. App.1972); *Buitron v. State,* 519 S.W.2d 467 (Tex.Cr.App.1975); *Roberts v. State,* 545 S.W.2d 157 (Tex.Cr.App.1977).

The evidence is sufficient to show that the appellant himself or jointly with his wife possessed the heroin found in the automobile. See *Hernandez v. State,* 538 S.W.2d 127 (Tex.Cr.App.1976); *Brooks v. State,* 529 S.W.2d 535 (Tex.Cr.App.1975).

## CAUSE NUMBER 53,652

■ The appellant was charged by indictment with the possession of heroin on April 3, 1975. The appellant waived a jury trial and entered a plea of not guilty; the court found the appellant guilty and assessed punishment, which was enhanced by proof of a prior felony conviction, of imprisonment for 20 years.

The hearing on the motion to revoke probation in Cause Number 53,651 was on August 21, 1975, while the trial in Cause Number 53,652 was on October 22, 1975. The evidence introduced in Cause Number 53,-651 is substantially the same as that introduced in Cause Number 53,652, except for one important difference. In Cause Number 53,652, the chemist and toxicologist did not testify. There was a stipulation that the contents of the paper packet found by Officer Brumley was heroin and a chemist's laboratory report was admitted by stipulation.

On appeal the appellant in addition to the grounds urged in Cause Number 53,651 urges that the evidence in Cause Number 53,652 is insufficient to show that the powdered substance in the waxed paper was heroin. He argues that the stipulation may not be considered because he did not make a written agreement to stipulate evidence as provided by Article 1.15, V.A.C.C.P.

Article 1.15, V.A.C.C.P., provides:

"No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea

without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause."

This record does not contain a written waiver by which the appellant agreed to waive his right to the appearance, confrontation, and cross-examination of witnesses, and consenting to the introduction of stipulated testimony, nor any written approval by the court of such waiver and consent. Since the State did not follow the requirements of Article 1.15, V.A.C.C.P., the stipulation may not be considered and the evidence is insufficient to support the convictions. *Rodriguez v. State,* 442 S.W.2d 376 (Tex.Cr.App.1969); *Alonzo v. State,* 462 S.W.2d 603 (Tex.Cr.App.1971); *Hughes v. State,* 533 S.W.2d 824 (Tex.Cr.App.1976); *Rodriquez v. State,* 534 S.W.2d 335 (Tex.Cr. App.1976). Article 1.15, V.A.C.C.P. is applicable to pleas of not guilty before the court. *Rodriguez v. State,* 442 S.W.2d 376 (Tex.Cr. App.1969); *Hughes v. State,* supra; *Rodriquez v. State,* 534 S.W.2d 335 (Tex.Cr.App. 1976).

The State argues that there is evidence other than the stipulation which is sufficient to prove that the substance in the paper packet was heroin. The State says that Officer Wood had two years' experience as a narcotics officer and that he testified, "Officer Brumley returned to the front of the vehicle to the driver's side, and there he found *the heroin.*"

Although an officer may be qualified as an expert and testify that a plant substance is marihuana, he may not be qualified as an expert to testify that a brown powdered substance is heroin. See *Curtis v. State,* 548 S.W.2d 57 (Tex.Cr.App. 1977). See also *Hughes v. State,* supra, where the judgment was reversed for the same reason as in this case even though the officer on two occasions mentioned the word "heroin" without referring specifically to exhibits. The State proved the brown powdered substance was heroin on the motion to revoke probation, but failed to do so in the trial in Cause Number 53,652.

The Cause Number 53,651 is affirmed.

In Cause Number 53,652, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, J., dissents to the reversal of Cause Number 53,652, because evidence was introduced without objection that Officer Brumley found the heroin in the car.

ODOM, J., dissents to the reversal of Cause Number 53,652.