Albert Rowe **BRIGHT**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 51384.

Court of Criminal Appeals of Texas.

Sept. 14, 1977.

Rehearing Denied Oct. 19, 1977.

318

Frank W. Sullivan, III, Fort Worth, for appellant.

Tim C. Curry, Dist. Atty., and Marvin Collins, Asst. Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for possession of heroin. After finding appellant guilty, the jury assessed punishment at twelve years.

Appellant contends (1) that the evidence is insufficient; (2) that the State's reputation questions at the punishment stage were improperly framed and erroneous; (3) that the trial judge should have disqualified himself; (4) that the State's chemist was not qualified to testify concerning the physical effects of heroin on the human body; (5) that the penalty provisions of our Controlled Substances Act have been pre-empted by federal statute; and (6) that the trial court should have instructed the jury on the law of circumstantial evidence. We overrule these contentions and affirm.

On February 8, 1974, Haltom City Police Officer Robert Hurley, Jr., along with Fort Worth Police Officer Bobby Percelli and several other area police officers, executed a search warrant for suspected heroin at

2712 Kinman in Haltom City. Appellant was one of the people named in the warrant as the object of the search. Appellant's wife answered the door at 2712 Kinman. Appellant was not at the house. After searching the house, the officers were directed to the house next door.

The officers went to this adjoining house, where their knock was answered by Karen Coulson, one of the occupants of the house. Her husband Ross Coulson came to the door shortly thereafter and signed a form giving the officers permission to search the house.

Officer Percelli testified that when Karen Coulson first opened the door, and before consent to search was obtained, he saw appellant, whom he recognized as Albert Rowe Bright, Jr., sitting in a large stuffed chair just beyond the front door. As Percelli approached appellant, he saw appellant "making some movements like he was hiding something in that chair." Percelli approached appellant and found what he thought to be marihuana in the chair.

After Ross Coulson signed the consent form, the officers conducted a further search. Percelli found some pills under the side of the chair in which appellant was sitting. He also found several small packages under this chair and in a wastebasket just to the left of the chair; tests later showed that these packages contained heroin.

Karen and Ross Coulson both testified that none of the heroin taken in the search belonged to them, although Karen Coulson admitted, as she had to the officers on the day of the search, that she had a small amount of marihuana in the house. Ross Coulson also testified that appellant possessed heroin in his house on the day of the search.

Appellant testified that he knew nothing of the contraband found in and around the chair. He also stated that Karen Coulson was the person sitting in the chair and that she had put the packages of heroin in the wastebasket and under the chair.

■ Clearly, the evidence is sufficient to support the verdict. The State's evidence showed that appellant was nearest the heroin and was making furtive gestures when the officers arrived. In addition, Ross Coulson testified that appellant was the possessor of the heroin. Appellant's first contention is overruled.

Appellant next contends that the State asked improperly framed questions of its reputation witnesses. Specifically, the appellant points to four instances where the State's witnesses were asked about appellant's reputation in his community for being a peaceful and law-abiding citizen. Appellant contends that the State was required to frame its questions in terms of appellant's *general* reputation, following the language of Art. 37.07, Sec. 3(a), Vernon's Ann.C.C.P.

■ This ground of error is multifarious and in violation of Art. 40.09(9), V.A.C.C.P. *Tyra v. State,* 534 S.W.2d 695 (Tex.Cr.App. 1976). However, since we are able to distinguish appellant's contentions from each other, we will discuss them on their merits. Art. 40.09(9), supra. Cf. *Houston v. State,* 506 S.W.2d 907 (Tex.Cr.App.1974).

■ In support of this ground of error, appellant cites *Edwards v. State,* 91 Tex. Cr.R. 196, 198, 237 S.W. 933, 934 (1922), where this Court held:

"One seeking to show the good character of his client by proof of reputation must ask as to the general reputation in the community of residence, and a question directed merely to reputation, and omitting the general character thereof, would be objectionable. Branch's Ann. P.C. p. 115, and collated authorities."

We have carefully examined the "collated authorities" cited in 1 Branch's Ann.P.C., Sec. 184, p. 115 (1st Ed. 1916). These authorities do not support the distinction drawn in the *Edwards* case. In addition, we are unable to find any other authority to support this distinction between "reputation" and "general reputation."

In *Hamman v. State,* 166 Tex.Cr.R. 349, 356, 314 S.W.2d 301, 305 (1958), this Court stated:

"Nor do we agree that the reputation testimony should have been excluded because the predicate question did not include 'among the people who know him best.'"

We see no difference between asking a witness about a defendant's reputation, on the one hand, and about his *general* reputation, on the other.[1] Certainly this difference in wording is of no greater moment than that urged by the State in *Hamman*, supra. Accordingly, we overrule the holding in *Edwards v. State*, supra, and also overrule this contention of appellant's.

■ Appellant's third contention is that the trial judge should have disqualified himself because of his personal bias against the appellant.

As grounds for his allegation of bias appellant directs us to the record, which reflects that prior to trial the trial judge admonished appellant that if appellant did in fact have other charges pending against him (as the State had advised the judge), and if the jury found appellant guilty of *this* charge, then "I'm going to stack the time on him." Appellant also points out that the court forfeited his bail on the first day of trial because appellant was late for trial and, although the court set aside the forfeiture, he did so subject to the requirement that appellant serve three days in the county jail.

In overruling a similar contention in *Vera v. State*, 547 S.W.2d 283, 285 (Tex.Cr.App. 1977), this Court held:

"It has been held that the bias or prejudice of a trial judge not based upon interest is not a legal disqualification. *Aldridge v. State*, 170 Tex.Cr.R. 502, 342 S.W.2d 104 (1961); *Templin v. State*, 167 Tex.Cr.R. 605, 321 S.W.2d 877 (1959);

*Williams v. State*, 126 Tex.Cr.R. 42, 69 S.W.2d 759 (1934). However, when indicated or shown, any prejudice or opinion of guilt on his part calls for close scrutiny of the trial judge's rulings. *Aldridge v. State*, supra; *Williams v. State*, supra. But bias of a trial judge, standing alone, does not constitute error. An accused could complain of an erroneous ruling made by the trial court as the result of prejudice, but it would be the error in the ruling rather than the prejudice that would give him the right to complain. *Bolding v. State*, 493 S.W.2d 181 (Tex.Cr. App.1973)."

Appellant complains of no error in the rulings of the trial judge which resulted from his alleged bias. We hold that the trial judge was not disqualified. See also *Ortega v. State*, 493 S.W.2d 828 (Tex.Cr. App.1973); *Williams v. State*, 492 S.W.2d 522 (Tex.Cr.App.1973). Appellant's contention is overruled.

■ Appellant's fourth contention is that the trial court erred in allowing the State's chemist to testify as to the physical effects of heroin on the human body. The chemist testified that each of the packets of heroin was capable of having an effect on the human body. Appellant contends that the chemist was not qualified as an expert on this subject and that the chemist's testimony inflamed the minds of the jurors.

The chemist, Ronald Clodfelter, was shown to be a criminalist for the City of Fort Worth. He had received a Bachelor of Science degree in chemistry and had been a criminalist for three years. He had done a large amount of research on and analysis of drugs, their properties, and their effects. Like the chemist in *Franklin v. State*, 494 S.W.2d 825, 827 (Tex.Cr.App.1973), "[h]e was shown to have knowledge far beyond

1. We observe that in *Lutz v. State,* 146 Tex. Cr.R. 503, 507, 176 S.W.2d 317, 320 (1943), this Court stated: "Reputation [not *general* reputation] is what the people *generally* think and state about a person." (Emphasis added.) Black's Law Dictionary, p. 1468 (Rev. 4th Ed. 1968) defines reputation as the *"[g]eneral* opinion, good or bad, held of a person by those of the community in which he resides." (Emphasis added.)

We also observe that a number of the cases use the terms "reputation" and "general reputation" interchangeably. See, e. g., *Lutz v. State*, supra; *Prater v. State*, 104 Tex.Cr.R. 669, 284 S.W. 965 (1926); *Stewart v. State*, 148 Tex.Cr.R. 480, 188 S.W.2d 167 (1945); *Smith v. State*, 162 Tex.Cr.R. 237, 283 S.W.2d 936 (1955).

that of a layman, and the trial court was justified in considering that his opinion might aid the jury in an understanding of the subject." As in *Franklin,* we hold that the chemist was qualified to testify as he did. See also *Magee v. State,* 504 S.W.2d 849 (Tex.Cr.App.1974). Appellant's fourth contention is overruled.

■ Next, appellant urges that his motion in arrest of judgment should have been sustained because the penalty provisions of the Texas Controlled Substances Act, Art. 4476-15, V.A.C.S., are in positive conflict with those of the Federal Drug Abuse Prevention and Control Act, 21 U.S.C., Sec. 801, et seq., see especially 21 U.S.C., Sec. 903.

Appellant recognizes that recent authority is directly contrary to his contention. *Wilson v. State,* 525 S.W.2d 30 (Tex.Cr.App. 1975); *Reynolds v. State,* 548 S.W.2d 733 (Tex.Cr.App.1977), and cases there cited. We decline to overrule these authorities; appellant's fifth contention is therefore overruled.

Appellant's final contention is that the trial court erred in failing to charge on the law of circumstantial evidence. Appellant filed a timely objection to the court's charge which, the record reflects, was overruled by the court before the main charge was submitted to the jury. See Art. 36.14, V.A.C.C.P.; *McCloud v. State,* 527 S.W.2d 885, 887, n. 1 (Tex.Cr.App.1975).

■ It is clear that the mere fact of appellant's proximity to the heroin is not direct evidence of his possession of it; were this the only proof of appellant's possession, a circumstantial evidence charge would unquestionably be required. *Scelles v. State,* 172 Tex.Cr.R. 474, 358 S.W.2d 623 (1962); *Crawford v. State,* 502 S.W.2d 768 (Tex.Cr. App.1973); *Armstrong v. State,* 542 S.W.2d 119 (Tex.Cr.App.1976).

Also present, however, is Ross Coulson's testimony concerning appellant's possession of the heroin:

"Q [By Mr. Leonard, Prosecutor] All right.

Now, I'll ask you to tell the jury— did you have any heroin in your home on that day?

"MR. BLANKENSHIP [Defense Counsel]: Objection, Your Honor. That is self-serving.

"THE COURT: Overrule the objection.

"BY MR. LEONARD:

"Q Did you personally have any heroin?

"A No, sir.

"Q In that house?

"A No, sir, I didn't.

"Q All right. Directing your attention to the Defendant, Albert Rowe Bright, I'll ask you whether or not he had any heroin in your house?

"MR. BLANKENSHIP: Objection to that as self-serving.

"THE COURT: Overruled.

"THE WITNESS: Yes, sir.

"BY MR. LEONARD:

"Q And did you know that he had heroin?

"A Yes, sir, I did.

"Q Had he shown you the heroin?

"A Yes, sir."

The question is whether this testimony constitutes direct evidence of appellant's possession of the heroin.

In *Curtis v. State,* 548 S.W.2d 57 (Tex.Cr. App.1977), this Court held that an experienced narcotics officer is not competent to testify that a powdered substance is heroin, even though he has made a Marquis reagent field test of the substance and obtained a positive reaction. A majority of the Court reasoned that a Marquis test does not positively show that a substance is heroin; it merely shows that the substance is one of several opiate derivatives. The majority also stated:

"[W]e are unwilling to say that an experienced officer can look at a white or brown powdered substance and testify that it is heroin since morphine, codeine, paregoric, other opiates, other controlled substances, and non controlled substances also appear in white or brown powdered form." *Curtis v. State,* supra, at 59.

■ If an experienced narcotics officer may not testify in such a case that, in his opinion, the given substance is heroin, it follows that a lay witness like Ross Coulson may not present such opinion testimony either. In either case, moreover, it seems that since such testimony is neither competent nor probative, it is the equivalent of no evidence at all and hence cannot be considered as *direct* evidence. Compare, e. g., *Lumpkin v. State*, 524 S.W.2d 302, 305–306 (Tex.Cr.App.1975).

■ However, from the record before us, we cannot conclude that Coulson's testimony in this case is opinion testimony. We can only view it as a statement of fact within the knowledge of the witness. *Reed v. State*, 112 Tex.Cr.R. 149, 15 S.W.2d 624 (1929); 23 Tex.Jur.2d, Evidence, Sec. 409, pp. 609–610.

In *Reed* this Court held that a witness could testify that a given substance was whisky, over the objection that such testimony was a conclusion. See also *Waffer v. State*, 504 S.W.2d 408 (Tex.Cr.App.1974).

■ Nor can it now be argued that the only way Coulson could have determined that the substance was heroin was by reaching an opinion. Coulson may very well have been told by the appellant that the substance was heroin. Had this been the case, Coulson could have so testified; his testimony would have been admissible as direct evidence. *Stein v. State*, 514 S.W.2d 927, 933–934 (Tex.Cr.App.1974).

We conclude that Coulson's statements that appellant possessed heroin constituted competent testimony of a fact, not an opinion. These statements amounted to direct evidence. No circumstantial evidence charge was required. Appellant's contention is overruled.

The judgment is affirmed.