Domingo PESINA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 56568.

Court of Criminal Appeals of Texas.

Panel No. 2

Jan. 11, 1978.

John L. Lesly, Amarillo, for appellant.

Tom A. Curtis, Dist. Atty., and Bruce P. Sadler, Asst. Dist. Atty., Amarillo, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of heroin, wherein the punishment was assessed at three (3) years' confinement in the Department of Corrections.

On April 12, 1977 the appellant waived trial by jury and entered a plea of guilty before the court to the indictment. He was then carefully admonished by the court in accordance with Article 26.13, V.A.C.C.P. Thereafter, the appellant voluntarily took the witness stand and made a judicial confession. After he related he had discussed the indictment with his attorney, the prosecution then asked:

"Q. Okay. Then you know that it says 'On or about the 27th day of September of 1976, in Potter County, Texas, you did then and there knowingly and intentionally possess a controlled substance, namely: heroin'. Now, is each and every allegation which I just read to you true and correct?

"A. Yes, sir.

\*　　\*　　\*　　\*　　\*　　\*

"Q. Okay. The police took some heroin off of you, too, did they not?

"A. Yes, sir.

"Q. How much heroin did you have on you?

"A. Oh, I think it was five packets."

Appellant's testimony was the only evidence offered upon the plea of guilty.

In his sole ground of error on appeal appellant contends that the evidence was insufficient to support the guilty plea and to show that he possessed heroin as alleged in the indictment. He cites Article 1.15, V.A.C.C.P., for the requirement that there be sufficient evidence to support the judgment entered on a guilty plea. He argues that there is no competent evidence showing the substance possessed by him was heroin, or any showing that he could distinguish one white or brown powdered substance from another and determine which was heroin. He calls attention to *Curtis v. State,* 548 S.W.2d 57, 59 (Tex.Cr.App.1977), where this court stated:

". . . However, we are unwilling to say that an experienced officer can look at a white or brown powdered substance and testify it is heroin since morphine, codeine, paregoric, other opiates, other controlled substances, and noncon-

trolled substances also appear in white or brown powdered form. . . .[1]

See also *Duran v. State*, 552 S.W.2d 840 (Tex.Cr.App.1977). In *Curtis* and *Duran* there was no testimony from a chemist or other qualified individual.

Appellant urges that in his case there was no testimony from a chemist or other competent witness but only his statement that the substance was heroin. He argues the holdings in *Curtis* and *Duran* should be applied to the instant case and that the evidence should be held insufficient to support his guilty plea.

The State counters with the argument that a judicial confession standing alone is sufficient to support the judgment. See *Byrom v. State*, 528 S.W.2d 224 (Tex.Cr.App.1975); *Knight v. State*, 481 S.W.2d 143 (Tex.Cr.App.1972).

We conclude that *Curtis* and *Duran* are not here applicable. We do not view appellant's testimony as opinion testimony. As in *Bright v. State*, 556 S.W.2d 317 (Tex.Cr.App.1977), we view the testimony as a statement of fact within the knowledge of the witness. See also *Reed v. State*, 112 Tex.Cr.R. 149, 15 S.W.2d 624 (1929); 23 Tex.Jur.2d, Evidence, § 409, pp. 609–610.

Appellant's contention is overruled.

The judgment is affirmed.

---

1. *Curtis* distinguished those cases where this court has held that an experienced officer may be qualified to testify that a certain green leafy plant substance is marihuana. *Miller v. State*, 168 Tex.Cr.R. 570, 330 S.W.2d 466 (1959); *Sa-* *tery v. State*, 455 S.W.2d 294 (Tex.Cr.App. 1970); *Jordan v. State*, 486 S.W.2d 784 (Tex.Cr.App.1972); *Boothe v. State*, 474 S.W.2d 219 (Tex.Cr.App.1971).