Matias **HERNANDEZ**, Jr., Appellant,

v.

**STATE of Texas, Appellee.**

No. 13-83-232-CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 9, 1984.

Rolando Garcia, Reyes & Barrera, Inc., Houston, for appellant.

Alvin M. Titus, Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for possession of heroin. Appellant was tried by the Court and was given an eight-year sentence which was probated and a fine of two thousand dollars.

In appellant's first ground of error, he asserts that the evidence was insufficient to support a conviction for possession of heroin. Specifically, he asserts that there was no evidence offered to prove that the actual substance in appellant's possession was heroin when he was arrested. The evidence which was primarily used to convict appellant was elicited at the Motion to Suppress hearing and was later re-offered at the trial.

At the Motion to Suppress hearing, Police Officer J.T. Dugger testified that he obtained a search warrant of a house whose occupants were suspected of selling narcotics. Officer J.E. Ferrar, a narcotics officer for sixteen years, testified that he was watching the house in question when he saw appellant drive up to the house, stay a few minutes, and then leave. Ferrar and another officer followed appellant to a church parking lot. Appellant stopped his van. The police officers approached the van and noticed that appellant had a syringe in his hand. Ferrar also saw a package wrapped in tin foil next to appellant which he believed contained heroin. Officer Ferrar testified that he gave appellant his *Miranda* warnings and asked him what was in the package. Appellant responded that the package contained "stuff." Appellant then said he purchased the "stuff" from "Spike," whose house he had just left. The officer testified that the term "stuff," in his opinion, meant heroin. Appellant did not object to the testimony of Ferrar with respect to this statement (regarding purchasing "stuff"), nor did appellant object to the officer's opinion that "stuff" means heroin.

In order to establish the unlawful possession of a controlled substance such as heroin, the state must prove two elements: (1) that the accused exercised care, control and management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Oaks v. State*, 642 S.W.2d 174 (Tex.Cr.App.1982). Proof of the existence of the contraband is necessary to convict an individual of the crime of possession. If the drug has been analyzed and the chain of custody explicated, proof of the actual substance is unnecessary. *Lake v. State*, 577 S.W.2d 245 (Tex.Cr.App.1979). A judicial confession to possession of heroin will also dispense with the necessity of proving the existence of the substance. *Mitchell v. State*, 586 S.W.2d 491 (Tex.Cr.App.1979); *Pesina v. State*, 560 S.W.2d 97 (Tex.Cr.App.1978). Analogously, where a sale of a narcotic

drug is involved and the accused has represented that he is selling a certain narcotic drug *and* the substance which he sells is found to contain such narcotic drug, knowledge has been shown. *Taylor v. State*, 505 S.W.2d 927 (Tex.Cr.App.1974).

In the case at bar, the sole evidence used to convict appellant comes from the testimony of Officer Ferrar. He testified that, as an experienced officer, the tin-wrapped package found in appellant's possession was *typical* of the manner in which heroin is wrapped. He was not qualified as an expert. A police officer, even though experienced, may not be qualified as an expert to testify that a substance is heroin. *Duran v. State*, 552 S.W.2d 840 (Tex.Cr.App.1977); *Curtis v. State*, 548 S.W.2d 57 (Tex.Cr.App.1977). The testimony of Officer Ferrar with respect to the contents of the package, standing alone, is insufficient to sustain appellant's conviction.

Officer Ferrar also testified that in response to a question as to the contents of the package appellant replied: that it contained "stuff." The state asserts that appellant's statement, in addition to the officer's testimony regarding the package that was seen by the officers, is sufficient to sustain his conviction. Our research of Texas and out-of-state cases, including dictionary definitions, will not evince that "stuff" is heroin.

If the state had shown that the substance taken from appellant was, in fact, "heroin," the appellant's statement would have been sufficient to show knowledge that the substance he possessed was heroin. Appellant was alone in his car when he told police officers the package contained "stuff." This statement would have been sufficient to show that the appellant exercised control over the contraband if the "stuff" was proven to be heroin through introduction of some evidence showing that the content of the package was in fact heroin. Absent such proof, the state failed to prove that the substance in appellant's possession was heroin. The failure of the State to adequately prove that the substance possessed was heroin necessitates the reversal of the conviction.

The conviction of appellant is reversed, and judgment is here rendered that appellant is acquitted.