**Willie R. DUHR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–83–270–CR.**

Court of Appeals of Texas,
Waco.

Oct. 25, 1984.

David S. Barron, Barron & Barron, Bryan, for appellant.

John C. Paschall, Dist. County Atty., Franklin, for appellee.

HALL, Justice.

Pleading not guilty, appellant Willie R. Duhr was found guilty by a jury for the offense of fraudulent and deceptive acquisition of a controlled substance, diazepam, by altering the quantity of pills to be prescribed on a prescription for valium. The

jury assessed punishment at confinement in the jail for 180 days and a fine of $1,000.00. We overrule appellant's two grounds of error, and we affirm the judgment.

The evidence reflects that on April 27, 1983, Dr. Charles M. Fiore, a general practice physician, gave appellant a written prescription for twenty valium tablets with no authorization for refills. Appellant altered the prescription to provide for 40 tablets and four refills. The following morning appellant asked his mother, Natalie Duhr, to have the prescription filled and furnished her the money. Complying with this request, Mrs. Duhr took the prescription to Loyd's Drug Store in Bremond that day. She presented the prescription to Alvin Schiller, the pharmacist and owner of the drug store. Schiller suspected that the prescription had been altered to increase the number of pills and the number of refills. He called Dr. Fiore to determine the quantity of pills that he had prescribed for appellant. Dr. Fiore confirmed Schiller's suspicions that the prescription had been altered. Schiller then contacted the Sheriff's Department of Robertson County and state narcotics officers in Bryan. These agencies instructed him to fill the prescription. Joe Y. McNutt, a deputy sheriff of Robertson County, had received the call from Schiller and investigated the case. McNutt had an opportunity to view the prescription and also suspected that it had been altered in the manner described above. He was at the drug store when Mrs. Duhr picked up the pills on April 28, 1983. Appellant was arrested that evening.

Appellant challenges the sufficiency of the evidence in his first ground of error. He claims there was no scientific testimony that he acquired the drug diazepam, asserting that there was no testimony regarding chemical tests performed on the pills, that Schiller was not qualified as an expert in drug analysis, and that any non-expert testimony concerning the identification of drugs is equivalent to no evidence at all. We hold the evidence sufficient.

Dr. Fiore testified that he issued the prescription for valium to appellant, and Schiller testified that he filled this prescription with valium. The testimony is clear that appellant acquired the drug valium. Dr. Fiore testified without objection that diazepam is the chemical name for valium. Schiller testified without objection that diazepam is the generic name for valium. Their testimony was not contradicted. Thus, the undisputed evidence showed that valium is simply another name for the controlled substance diazepam.

Appellant argues that Schiller was not qualified as an expert in drug analysis and therefore his testimony regarding the identity of the drug had no probative value. He relies upon *Bright v. State*, 556 S.W.2d 317, 322 (Tex.Cr.App. 1977), and *Duran v. State*, 552 S.W.2d 840, 843 (Tex.Cr.App.1977) in support of this position. In each of those cases the substance in question was found in unmarked packets and chemical tests were held necessary to determine the identity of the substance. There was no need for chemical analysis in our case since the drug went directly from the pharmacist to appellant's mother and then to appellant and the pills were not recovered in unmarked packets. Dr. Fiore testified that he had been practicing medicine approximately forty-five years. He graduated from medical school in 1938. He had surgery training and was now concentrating on family practice. Schiller testified that he graduated from pharmacy school in 1965, that he was a co-owner of three drug stores in Bryan from 1965 to 1969, that he was manager for all the pharmacy services for Bryan Hospital from 1969 to 1982, and that he had owned and operated the store in Bremond since March, 1982. Neither witness was called upon to identify an unknown substance. They were asked if valium is also known by the name diazepam. We hold they were qualified to testify on this issue and that their testimony was sufficient proof that appellant acquired the controlled substance diazepam. See *McClanahan v. State*, 394 S.W.2d 499, 502–03 (Tex.

**612**

Cr.App.1965). Appellant's first ground of error is overruled.

The information alleged that appellant acquired and obtained the diazepam "from Alvin Schiller." The charge to the jury, in applying the law to the facts of the case, did not require the jury to find that the drug was obtained from Alvin Schiller. In all other respects the charge tracked the information. Appellant asserts in his second ground of error that the court's failure to require a jury finding on "the source of the acquisition," that is, "from Alvin Schiller" as alleged in the information, was reversible error. Although appellant did not object to the jury charge on this ground, he argues the error was fundamental. We disagree.

█ An omission from the court's charge of an allegation in the charging instrument which is required to be proved has been held to be fundamental error. *Cumbie v. State,* 578 S.W.2d 732, 733 (Tex. Cr.App.1979). However, it is important to determine "which allegations in an indictment must be proved, for not every averment is 'required to be proved.'" *Sattiewhite v. State,* 600 S.W.2d 277, 284 (Tex.Cr. App.1980). In our case, the allegation of the person to whom the prescription was passed was surplusage which the State was not bound to prove. *Harrell v. State,* 643 S.W.2d 686, 689 (Tex.Cr.App.1983). We conclude that although the name Alvin Schiller was alleged in the information and was proved at trial, the name was not required to be proved and its omission from the charge did not result in fundamental error. See *Sattiewhite,* supra, at 600 S.W.2d 284, 285.

The judgment is affirmed.