Mike EDWARDS, Appellant,

v.

The STATE of Texas, Appellee.

No. 53424.

Court of Criminal Appeals of Texas.

June 8, 1977.

Bob C. Hunt, Houston, for appellant.

Carol S. Vance, Dist. Atty., James T. Jordan and John B. Holmes, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a conviction for barratry under V.T.C.A. Penal Code, Section 38.12. Appellant was tried before a jury and punishment was assessed by the court at ninety days in the Harris County Jail.

The sufficiency of the evidence is not challenged. Briefly stated, the record shows that appellant contacted Gail Stevens about the possibility of prosecuting a claim Miss Stevens had for injuries to her back. Appellant represented to Miss Stevens that she had a good cause of action for her injuries and told her that he would supply her with an attorney who would handle her law suit for a contingency fee. Miss Stevens and her father notified the Harris County District Attorney's office about the incident and they agreed to permit an investigator to make tape recordings of subsequent conversations with appellant during which he arranged for a meeting between Miss Stevens and the attorney.

In three grounds of error appellant contends that the trial court erred in admitting into evidence a tape recording made at Miss Stevens' apartment. It is appellant's contention that the State failed to lay the proper predicate for the introduction of the tape recording. Ground of error one alleges a failure to show "that the recording device was capable of taking testimony." Ground of error two alleges a failure to show "that the operator of the device was competent." Ground of error three alleges that the voices on the tape were not identified.

This Court has not yet established what constitutes a proper foundation for the admission of a sound recording, although such recordings have generally been admitted. See *Thrush v. State*, 515 S.W.2d 122 (Tex. Cr.App.1974); *Yates v. State*, 509 S.W.2d 600 (Tex.Cr.App.1974); *Hutson v. State*, 164 Tex.Cr.R. 24, 296 S.W.2d 245 (Tex.Cr.App. 1956).

Appellant relies on *Cummings v. Jess Edwards, Inc.*, 445 S.W.2d 767 (Tex. Civ.App.—Corpus Christi 1969, writ ref'd n. r. e.) which sets out a seven-pronged predicate recommended in 58 A.L.R.2d 1024, "Admissibility of sound recordings in evidence," Sec. 2, pp. 1027–8, as follows:

"* * * The cases are in general agreement as to what constitutes a proper foundation for the admission of a sound recording. They also indicate a reasonably strict adherence to the rules prescribed for testing the admissibility of recordings, which have been outlined as follows: (1) a showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of the authenticity and correctness of the recording, (4) a showing that changes, additions, or deletions have not been made, (5) a showing of the manner of the preservation of the recording, (6) identification of the speakers, and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement."

The *Cummings* decision and an earlier decision by this Court, *Schwartz v. State*, 158 Tex.Cr.R. 171, 246 S.W.2d 174 (Tex.Cr. App.1952), both indicate that the admission of tape recordings is discretionary with the trial court.

We hold that the requirements as set out above are applicable in criminal trials as well. However, we also find that at least some of the requirements can be inferred from the testimony and need not be shown with the same particularity required for admission of other mechanically acquired evidence, such as the results of a breathalyzer test.

For example, if a person who is in a position to hear a conversation testifies that he made a tape recording of that conversation and that he had listened to the tape recording and found it to coincide with what he heard the parties say, then it goes without saying that the recording device was "capable of taking testimony" and that the "operator of the device was competent." The voluntary nature of the conversation can also be inferred from the facts and circumstances of each case. Admission of the results of a breathalyzer, on the other hand, requires a more specific statement that the device was maintained properly, contained the proper compound of chemicals, and that the operator was properly trained. *Bumpus v. State*, 509 S.W.2d 359 (Tex.Cr.App.1974); *French v. State*, 484 S.W.2d 716 (Tex.Cr.App.1972).

In *Hutson v. State*, supra, the trial court held a hearing out of the presence of the jury to determine the admissibility of a tape recording. The County Attorney testified that the recording device was running when the parties to the conversation entered his office, that he left the device running to see that no testimony was changed, that the recording was made while they were sitting there and that the recording had been in his possession since that time and had not been changed or altered. He also identified the voices of the parties. Based on such testimony, the trial court admitted the tape.

In the instant case William Hubbell testified that he was an investigator for the Harris County District Attorney's office and that he was assigned to record a conversation in Miss Stevens' apartment between her and the appellant. He stated that he installed the recording device in the apartment utility room with Miss Stevens' permission. He further stated that he installed a listening device inside the apartment and from his vantage point in the utility room he could hear the voices of persons anywhere in the apartment. He stated that Miss Stevens, her father and her roommate were all present in the apartment when a man entered and identified himself as Mike Edwards, the appellant. Hubbell stated that he heard the subsequent conversation between the parties and recorded it. He further stated that since that date he had played the tape back and heard the conversation on at least four different occasions. He verified that the tape accurately and fairly recorded the conversations he heard. He stated that he made the tape on an unused reel of recording tape that he removed from a sealed container. He further stated that he personally removed the tape from the recording device after recording the conversation in Miss Stevens' apartment and that the tape had been in his possession and custody since that time and had not been altered in any way.

Miss Stevens and her father both testified that they were in the apartment and talked with appellant on the day in question. They both stated that they had heard the tape recording of that conversation and that it accurately recorded the conversation and had not been altered. They both identified appellant as the person who was in the apartment on the day of the conversation and both stated that he presented to them the idea that Miss Stevens had a valid claim for her injuries and that he knew a lawyer who would prosecute the suit for her. A photograph showing appellant at the door of Miss Stevens' apartment was also introduced into evidence.

Appellant presented no defense and does not challenge the sufficiency of the evidence. On cross-examination of Miss Stevens it was developed that she was initially contacted by a Mike Hendricks; however, it was shown that appellant used that name in his capacity as an investigator. Miss Stevens and her father both positively identified appellant as the person who came to her apartment on the day in question.

In accordance with the discussion set out above, we find that Hubbell's testimony establishes that the "recording device was capable of taking testimony" and that "the operator of the device was competent." His testimony also establishes the authenticity of the tape and the fact that it had not been altered or tampered with. He also testified that he had had the tape in his custody throughout the time preceding trial, which satisfies the requirement that the "manner of the preservation of the recording" be shown. We further find that the testimony of Miss Stevens and her father establishes the identity of the speakers. Finally, viewing all of the testimony, we find that the conversation was voluntarily elicited and was made without inducement. The trial court properly admitted the tape recording into evidence.

Appellant's three grounds of error are overruled.

The judgment is affirmed.

Opinion approved by the Court.