IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-392-CR




JOSEPH BLACK,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 106,320, HONORABLE MACE B. THURMAN, JR., JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated assault. Tex. Penal Code Ann. § 29.03
(West Supp. 1993). The district court assessed punishment at imprisonment for fifty-five years
and a $10,000 fine.

 On November 26, 1990, appellant and his brother, John Black, robbed Robert
Gomez, the cashier at an Austin convenience store. During the robbery, John Black shot Gomez
twice with a pistol. The crime was recorded on two videotape cassettes by the store's security
system. In his only point of error, appellant contends the court erred by admitting the two
videotapes in evidence because the State failed to lay the proper predicate for admission.

 The requirement of authentication or identification as a condition precedent to
admissibility is satisfied by evidence sufficient to support a finding that the matter in question is
what its proponent claims. Tex. R. Crim. Evid. 901(a). Robert Gomez testified that there were
two video cameras in the store, one trained on the counter area and one aimed at the door. Two
videotape machines recorded, on eight-hour loops, everything seen by the cameras. Gomez
identified State's exhibits one and two as videotape cassettes taken from the in-store recorders
after the robbery. Gomez testified that he had watched the relevant portions of each tape, that the
tapes fairly and accurately reflected the events that took place in the store from the time the
robbers entered until they fled, and that the tapes did not appear to have been altered in any way. 
This was testimony by a witness with knowledge that the videotapes were what they were claimed
to be. Tex. R. Crim. Evid. 901(b)(1). Gomez's testimony also described the system used to
produce the videotapes and showed that the system produced an accurate result. Tex. R. Crim.
Evid. 901(b)(9). We hold that the videotapes were sufficiently authenticated under rule 901.

 Appellant relies on opinions predating the rules of criminal evidence. Roy v. State,
608 S.W.2d 645, 649 (Tex. Crim. App. 1980); Edwards v. State, 551 S.W.2d 731, 733 (Tex.
Crim. App. 1977). While we are cited to no opinions discussing the continued viability of these
precedents, we conclude that the predicate for admission of videotapes discussed in these opinions
was satisfied in this cause. Gomez testified that the videotapes were authentic and correct, and
that no changes, additions, or deletions had been made to them. (1) From Gomez's testimony that
the videotapes accurately depicted the robbery, it could reasonably be inferred that the recording
device was properly functioning and that the operator of the device was competent. All the actors
in the videotapes are visible to the viewer and several witnesses identified appellant and his
brother as the persons shown robbing Gomez. Appellant does not claim that there are any
unidentified voices on the tapes. See Lucas v. State, 791 S.W.2d 35, 57-58 (Tex. Crim. App.
1989). Appellant concedes in his brief that the videotapes were properly preserved and that the
actions recorded on the tapes were voluntary. We hold that the predicate for admission of
videotapes set forth in Roy and Edwards was satisfied in this cause.


 The point of error is overruled. The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed:  January 20, 1993

[Do Not Publish]
1. In his brief, appellant states that the audio portion of the videotapes was not played for the
jury. If true, this did not constitute a "deletion" as appellant asserts.