**Lloyd Dixie STAPLETON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–92–00324–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 25, 1993.

Cynthia Russell Henley, Houston, for appellant.

Allen Curry, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

**OPINION**

ROBERTSON, Justice.

In a trial before the court, appellant was found guilty of possession of marihuana in a useable quantity of more than four ounces but less than five pounds. Appellant pled true to two enhancements and punishment was assessed at confinement for thirty years in the Institutional Division of the Texas Department of Criminal Justice. In three points of error, appellant claims the evidence was legally and factually insufficient for conviction, and that the trial court erred in admitting an audio tape recording. We affirm.

In his first point of error, appellant contends the evidence was legally insufficient to establish that he possessed the marihuana. When considering a sufficiency of the evidence point of error, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App. 1984). An appellate court is not to substitute its judgment for that of the jury or act as a thirteenth juror. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). The trier of fact is the sole judge of the credibility of the witnesses and may believe or disbelieve all or any part of a witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

On September 17, 1991 appellant, accompanied by two other individuals, brought a large bag to the apartment of Sherry Short. Appellant brought the bag to Ms. Short's bedroom. Shortly thereafter, appellant and the two individuals left the apartment. Later that day, the police received a call from an individual who identified herself as Sherry Short. She asked

the police to recover a bag of marihuana that her boyfriend left in her apartment. Acting on this tip, the police went to Ms. Short's apartment and asked her about the bag. Ms. Short allowed the police to enter her apartment, and they recovered the bag containing marihuana from Ms. Short's bedroom.

The officer testified that Ms. Short provided a picture of the individual to whom the marihuana belonged, and she also gave a description of his car. Ms. Short also informed the officers that the owner of the marihuana carried a .38 pistol. The officers took the marihuana from Ms. Short's apartment, and set up surveillance outside her apartment.

Later that evening, appellant returned to the apartment complex. Appellant was in a vehicle that matched the description given by Ms. Short and his physical appearance matched that given by her. As the officers approached appellant, he attempted to back away from his parking space. The officers stopped appellant and placed him under arrest. The police informed Ms. Short that appellant had been arrested, and she identified appellant's vehicle. The police searched the vehicle and recovered a .38 pistol in the trunk. The contents of the bag were tested and it was confirmed that the bag contained marihuana.

Appellant points to the following conflicts in the evidence. Ms. Short's son testified that he thought appellant had carried a black plastic bag into the apartment. He testified that the brown bag offered by the state did not look like the bag he saw appellant bring into the apartment, although it was similar.

Ms. Short testified that she was not home when appellant came to her apartment on September 17, and she had no knowledge that he had been there. She allowed the police to come in when they came to her apartment because she had nothing to hide. Ms. Short denies giving the police a description of appellant, his car, or his gun. She testified that appellant often brought bags of laundry to her apartment. Ms. Short also denied that she made the call to the police.

■ Just because the defendant presents a different version of the facts does not render the state's evidence insufficient. *Anderson v. State*, 701 S.W.2d 868, 872 (Tex.Crim.App.1985), *cert. denied*, 479 U.S. 870, 107 S.Ct. 239, 93 L.Ed.2d 163 (1986). Conflicts in evidence are left for the trier of fact to resolve. *Losada v. State*, 721 S.W.2d 305, 309 (Tex.Crim.App.1986). The trier of fact is free to accept one version of the facts, reject another, or to reject all or any of a witness's testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim. App.1986). Looking at the evidence in a light most favorable to the verdict, we find the evidence was sufficient to establish appellant possessed the marihuana in question, and determine a rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Appellant's first point of error is overruled.

■ Appellant, in his second point of error, asks this court to review the evidence on the basis that it was factually insufficient. *See Meraz v. State*, 785 S.W.2d 146 (Tex.Crim.App.1990). In *Meraz*, the court was dealing with the review of the defendant's affirmative defenses. *Id.* at 155–56. This court has consistently refused to extend this type of review to the evidence upon which the state has the burden of proof beyond a reasonable doubt. *See Richard v. State*, 830 S.W.2d 208, 213–14 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd); *Mukes v. State*, 828 S.W.2d 571, 573–74 (Tex.App.—Houston [14th Dist.] 1992, no pet.); *Brown v. State*, 804 S.W.2d 566, 571 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *Marsh v. State*, 800 S.W.2d 607, 610 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). We decline appellant's request to enlarge the scope of a factual insufficiency review in criminal cases, and overrule his second point of error.

■ Appellant's final point of error deals with the admittance of a tape recording of the initial tip to the police. Appellant objected to the admission of the tape claiming the proper predicate had not been established by the state. Specifically, appellant

argued that the voices had not been properly identified, there was no testimony that the recording machine was properly working, there was a lack of authenticity, and that the recording was hearsay.

The recording was of a telephone call from an individual identifying herself as Sherry Short. The caller gave Ms. Short's address and asked the police to remove from her apartment a bag of marihuana put there by her boyfriend. A radio technician from the Houston Police department testified that the tape before the court was a duplicate made from the police department master and that it was a true and accurate copy. Ms. Short testified that she did not place the call.

The Rules of Criminal evidence provide the proper foundation for the admission of evidence. The question of whether an item is authentic is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. TEX. R.CRIM.EVID. 901(a). A duplicate is admissible to the same extent as an original unless a question is raised as to its authenticity or the circumstances are such that it would be unfair to use the duplicate in place of the original. TEX.R.CRIM.EVID. 1003.

Appellant objected to the use of the duplicate tape. The trial court stopped the proceedings and gave appellant time to listen to the original at the police station. Once trial resumed, appellant did not again raise his objection to the use of the duplicate. We can only assume that he was satisfied that the copy before the court was a true and accurate copy.

The custodian of the tape testified that all calls to the Houston Police Department were recorded on a master tape. These calls are immediately recorded and this is done in the normal course of the Police Department's business. This copy was made from the master tape of September 17, 1991. From this testimony the trial court was in the position to determine that the tape was what it was purported to be; therefore, the 901(a) requirement was satisfied.

■ Appellant claims that the state was also required to establish: (1) the recording device was capable of taking testimony; (2) the operator of the device was competent; (3) the authenticity and correctness of the recording; (4) changes, additions, or deletions have not been made; (5) the manner of the preservation of the recording; (6) identification of the speakers; and (7) the testimony was elicited voluntarily made without any kind of inducement. *Edwards v. State*, 551 S.W.2d 731, 733 (Tex.Crim. App.1977). The state argues that the promulgation of the Rules of Criminal Evidence in 1986 superseded these common law requirements. While the court of criminal appeals has not overruled nor specifically extended *Edwards*, it was discussed in an opinion issued two years after the rules became effective. *See Webb v. State*, 760 S.W.2d 263, 276 (Tex.Crim.App.1988), *cert. denied*, 491 U.S. 910, 109 S.Ct. 3202, 105 L.Ed.2d 709 (1989).

However, even if we consider the factors set out in *Edwards*, the trial court properly admitted the tape. Some of the above requirements can be inferred from testimony and need not be shown with particularity. *Edwards*, 551 S.W.2d at 733. The police department custodian testified as to how these tapes are preserved and how the equipment works. He also testified as to how the tapes are kept and how the copy was made. Appellant's counsel was given the opportunity to check the original for additions or deletions.

■ Appellant argues that the biggest obstacle faced by the state was the identification of the voices on the tape. Appellant points to Ms. Short's testimony that she did not place the call. However, the caller on the tape identified herself as Ms. Short, and provided information about her address and the marihuana. The identity of a speaker can be sufficiently established if the message reveals a knowledge of facts that only the speaker would be likely to know. *See Earnhart v. State*, 582 S.W.2d 444, 448–49 (Tex.Crim.App.1979); *Sorce v. State*, 736 S.W.2d 851, 859 (Tex.App.— Houston [14th Dist.] 1987, pet. ref'd). Additionally, Ms. Short testified before the state introduced the tape, and the trial court was in a position to determine wheth-

er the voice on the tape was indeed Ms. Short. Considering all of the above, the state not only met the requirements as provided by the Rules of Criminal Evidence, but also sufficiently met the factors outlined in *Edwards.*

The testimony provided by the custodian of records discussed above also met the requirements for the business records exception for the admissibility of hearsay. Therefore, we find the trial court correctly admitted the tape recording. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.