NO. 07-99-0460-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 12, 2002

_____


JUAN CAMACHO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 110TH DISTRICT COURT OF FLOYD COUNTY;

NO. 3881; HONORABLE JOHN R. HOLLUMS, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Juan Camacho appeals from his conviction for delivery of a controlled substance in an amount of more than one gram but less than four grams. He urges that the trial court erred in admitting a tape recording and in failing to sustain his challenge to a juror. He also urges that he had ineffective assistance of counsel. We affirm.

## BACKGROUND

On January 23, 1998, Lubbock police officer Jonny Hutson was in Floyd County, Texas, acting as an agent for the South Plains Regional Narcotics Task Force. While in Floyd County, Hutson met with his informant, Martin Bueno. Hutson testified that he and Bueno discussed a plan for another Task Force agent, Manuel Reyna, to attempt to purchase cocaine from appellant using Bueno to introduce Reyna to appellant. Reyna and Hutson then equipped Bueno with a "wire" or transmitter, so that Hutson could monitor and record the conversation between Reyna and appellant.

After Reyna and Bueno first arrived at appellant's residence, Bueno spoke with appellant's wife. Reyna and Bueno then left appellant's residence and returned a few minutes later. Bueno then went inside appellant's residence with the money to make the buy. In the residence, Bueno asked appellant if he had the drugs. Appellant replied that he did, and asked Bueno for the money. Bueno gave appellant the money, and appellant gave Bueno the drugs. Bueno then left the residence and gave the cocaine to Reyna.

While Reyna and Bueno met first with appellant's wife, then with appellant, Hutson and another investigator were approximately a quarter of a mile east of appellant's residence, listening to and recording the conversations. After Bueno spoke with appellant's wife, Hutson rewound the tape. Later, when Bueno was inside appellant's residence, Hutson recorded the conversation between Bueno and appellant over the portion of the tape that had previously contained the conversation between Bueno and appellant's wife.

At trial, Bueno testified that the tape accurately recorded the conversation he had with appellant, and that there were no additions or deletions made to the tape as to the conversation between Bueno and appellant. Appellant objected to the admission of the tape recording on the grounds that the conversation between Bueno and appellant's wife had been recorded over and was not part of the recording offered. Appellant also objected based on the reliability and credibility of the recorded conversation with Bueno. The trial court admitted the recording over appellant's objection. The jury convicted appellant and assessed punishment at 15 years incarceration in the Institutional Division of the Texas Department of Criminal Justice and a fine of $6000.

ISSUE ONE: THE TAPE RECORDING

By his first issue, appellant contends that the trial court abused its discretion by admitting into evidence a sound recording tape that appellant alleges was altered and was not a complete recording of the transaction. In support of this argument appellant relies heavily upon Edwards v. State, 551 S.W.2d 731 (Tex.Crim.App. 1977). Appellant cites no authority other than Edwards.

In Edwards, the Court of Criminal Appeals outlined a seven-step predicate for the admission of a sound recording into evidence. Edwards, 551 S.W.2d at 733. The Edwards court held that the following steps were necessary to test the admissibility of a sound recording: (1) a showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of the authenticity and correctness of the recording, (4) a showing that changes, additions, or

3

deletions have not been made, (5) a showing of the manner of the preservation of the recording, (6) identification of the speakers, and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement. Id.

As appellee's brief correctly notes, the Edwards test for admissibility of sound recordings has been superseded by Rule 901(a) of the Texas Rules of Evidence. See TEX. R. EVID. 901(a);[1] Leos v. State, 883 S.W.2d 209, 211 (Tex.Crim.App. 1994); Schneider v. State, 951 S.W.2d 856, 862 (Tex.App.--Texarkana 1997, no pet.). Rule 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Rule 901(a).

Appellant does not argue that the sound recording admitted in his trial was inadmissible according to Rule 901(a), nor has appellant cited any other controlling case law or legal authority to support his argument. Failure to adequately brief the argument and provide relevant authority to support a particular issue waives the complaint. See Lawton v. State, 913 S.W.2d 542, 558 (Tex.Crim.App. 1995).

Moreover, we review a trial court's decision to admit evidence by the standard of abuse of discretion. See Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996); Montgomery v. State, 810 S.W.2d 372, 390 (Tex.Crim.App. 1990) (op. on reh'g). A

---

[1]Further reference to the Texas Rules of Evidence will be by reference to "Rule ____."

reviewing court should not reverse a trial judge's decision whose ruling was within the zone of reasonable disagreement. Green, 934 S.W.2d at 102.

In this matter, Bueno testified that the recording accurately recorded the conversation he had with appellant, and that there were no additions or deletions made to the taped conversation. Appellant did not in the trial court and does not in his appellate brief point out any alleged erasures, alterations, unexplained gaps, errors or additions on the tape. Failing to preserve and offer into evidence the conversation between Bueno and appellant's wife does not alter the foundation proved as to the taped conversation actually offered and admitted. Even if appellant had not waived the issue, we conclude that the trial court did not abuse its discretion in admitting the tape into evidence. See Schneider, 951 S.W.2d at 863. Appellant's first issue is overruled.

## ISSUE TWO: INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant next alleges that he was denied effective assistance of counsel pursuant to the rights afforded him under the Sixth and Fourteenth Amendments to the United States Constitution. He bases his issue on counsel's *voir dire* of the jury panel when trial counsel failed to ask further questions of a veniremember whose response to a question indicated that he could not be an unbiased juror. When appellant's counsel was questioning the jury panel members on whether they could consider probation as a punishment for someone convicted of selling drugs, counsel asked the panel "All said and done, would you be able to do it, consider the evidence and not make up your mind until the end?" After another panel member answered the question, appellant's counsel said

"Okay. Uh, thank you, Mr. Davis. Anybody else feel that way? Have a problem. Okay. Mr. Gilbreath." Gilbreath then stated, "I can't." Appellant's counsel then said "Okay. Mr. Gilbreath, what's your occupation?" Gilbreath replied, "Bus driver." Appellant's counsel asked no further questions of Gilbreath. Appellant urges that counsel's failing to follow up on Gilbreath's answer and then allowing Gilbreath to serve on the jury resulted in manifest harm because Gilbreath was, unquestionably, biased. We disagree with appellant's proposition.

We are obligated to follow United States Supreme Court precedent on matters of federal constitutional law. See Hernandez v. State, 988 S.W.2d 770, 771 (Tex.Crim.App. 1999). When confronted with an ineffective assistance of counsel claim, we apply the two-pronged analysis set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex.Crim.App. 1986).

Under the first prong of the Strickland test, an appellant must show that counsel's performance was "deficient." Strickland, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To be successful in this regard, an appellant "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Under the second prong, an appellant must show that the deficient performance prejudiced the defense. Id. at 687. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

6

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Appellant must prove both prongs of Strickland by a preponderance of the evidence in order to prevail. See Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. See McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996).

Assuming, *arguendo*, that appellant's trial counsel's performance fell below an objective standard of reasonableness in failing to ask further questions of Gilbreath, appellant's suggestion that appellant was harmed because Gilbreath served on appellant's jury fails because it is not supported by the record. Appellant has not referred us to any part of the record to show that Gilbreath served on the jury. To the contrary, when the jury was polled following the reading of its verdict by the trial judge, the record reflects that Gilbreath was not one of the 12 jurors.

Because appellant's argument is predicated on the allegation that Gilbreath served on appellant's jury, and because this allegation is not supported by the record, appellant's argument fails the second prong of the Strickland test. Accordingly, appellant's second issue is overruled.

## ISSUE THREE: APPELLANT'S CHALLENGE OF JUROR GILBREATH FOR CAUSE

By his third issue, appellant argues that the trial court erred in overruling appellant's challenge of veniremember Gilbreath for cause. In urging this issue, appellant's brief

states that appellant's counsel was presenting a list of peremptory strikes to the trial court when counsel brought Gilbreath's answer reflecting prejudice to the attention of the court. Appellant claims that he requested an additional peremptory strike with which to remove Gilbreath from the jury, the request was denied, and Gilbreath served as part of the jury.

In order to preserve error and demonstrate harm from the overruling of a challenge for cause, the appellant must show (1) that appellant exhausted all peremptory challenges, (2) the denial of a request for additional peremptory challenges, and (3) that an objectionable juror upon which appellant would have exercised a peremptory challenge actually served on appellant's jury. See Bell v. State, 724 S.W.2d 780, 795 (Tex.Crim.App. 1986).

Appellant's suggestion that he was harmed by the trial court's overruling of appellant's challenge of Gilbreath for cause is based on his assertion that Gilbreath served on the jury. As we have previously noted, the record does not demonstrate that Gilbreath served on appellant's jury. Therefore, even assuming, *arguendo*, that the trial court erred in overruling a challenge for cause against Gilbreath, or in failing to grant another peremptory strike, appellant was not harmed in the manner he urges: Gilbreath did not serve on the jury. See Tex. R. App. P. 44.2(b). Appellant's third issue is overruled.

Having overruled appellant's three issues, we affirm the judgment of the trial court.


Phil Johnson
Justice

Do not publish.

8