NOS. 07-11-00203-CR; 07-11-00204-CR;
07-11-00205-CR; 07-11-00206-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 23, 2012

MICHAEL PARR, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-426,416, 2010-426,625, 2010-427,348, 2010-427,350;

HONORABLE JOHN J. "TREY" MCCLENDON, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Michael Parr, entered pleas of guilty to four felony offenses without benefit of a plea bargain. In No. 07-11-0203-CR, appellant pleaded guilty to possession with intent to deliver cocaine, in an amount of more than four grams but less than 200 grams, within 1,000 feet of a school.[1] In No. 07-11-0204-CR, appellant pleaded guilty to possession with intent to deliver cocaine, in an amount of more than one gram but less

---

[1] See TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(d), 481.134(a)(5), (b)(1), (c) (West 2011).

than four grams, within 1,000 feet of a school.[2]  In No. 07-11-0205-CR, appellant pleaded guilty to possession with intent to deliver cocaine, in an amount of more than one gram but less than four grams, within 1,000 feet of a school.[3]  In No. 07-11-0206-CR, appellant pleaded guilty to possession with intent to deliver cocaine, in an amount of more than one gram but less than four grams, within 1,000 feet of a school.[4]

Further, appellant pleaded true to the enhancement paragraph alleging a prior felony conviction in No. 07-11-0203-CR, No. 07-11-0205-CR, and No. 07-11-0206-CR.[5]  In No. 07-11-0204-CR, appellant pleaded true to two enhancement paragraphs alleging prior convictions of felony offenses.[6]

After hearing the evidence regarding punishment, the trial court assessed appellant's punishment for each of the four convictions at confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for 55 years, with all periods of confinement to run concurrently.  Appellant has appealed the judgments of the trial court.  We affirm.

Factual and Procedural Background

Between January 4 and January 29, 2010, appellant engaged in deliveries of cocaine to undercover narcotics officers of the Lubbock Police Department (LPD).  This series of transactions culminated with a "buy-bust" on January 29, 2010, when appellant sold a larger amount of cocaine to one of the undercover officers.  As a result of these

---

[2] See id. §§ 481.112(c), 481.134(a)(5), (b)(1), (c).
[3] Id.
[4] Id.
[5] See TEX. PENAL CODE ANN. § 12.42(c)(1) (West 2011).
[6] Id. § 12.42(d).

transactions, appellant was indicted in the four separate cases he pleaded guilty to which alleged various violations of the Texas Health & Safety Code. Appellant's case in No. 07-11-0203-CR was scheduled for trial on February 14, 2011.

During a hearing on pre-trial matters held on the day the jury panel was to report, appellant's appointed trial counsel presented a motion to be allowed to withdraw and a motion for continuance. The record reflects that this case had been originally scheduled for trial on the 15th and 29th of November 2010; however, the case was not tried for reasons not apparent in the record. The trial court denied trial counsel's request to withdraw.

In support of the motion for continuance presented just before the trial was to begin, appellant advised the trial court that he had suffered a fall in the jail and that, as a result, he was in considerable pain while sitting in the courtroom. The trial court stated on the record that he did not doubt appellant was in some discomfort; however, the court observed that appellant was able to communicate with the court without any difficulty. Further, appellant voiced that he was dissatisfied with his appointed counsel. The trial court discussed this issue with appellant and pointed out that appellant had waited until the day of trial to voice any objection to trial counsel. Subsequently, the trial court denied appellant's motion for continuance.

After a short recess, appellant and his trial lawyer informed the judge that appellant desired to enter a plea of guilty without the benefit of any plea bargain. Thereafter, the trial court admonished appellant regarding the entry of a plea of guilty. After being orally admonished by the trial court and receiving the written

3

admonishments, which the trial court went over with appellant, appellant entered a plea of guilty in each of the cases before this Court. Appellant also entered pleas of true to the enhancement portions of the indictments. The trial court found appellant guilty of the charges and found the enhancement portions of the indictments true, but then recessed the hearing until a later date when punishment evidence would be considered.

The trial court heard evidence regarding punishment on April 4, 6 and 7, 2011. During the punishment hearing, the undercover officers; representatives of the Department of Public Safety (DPS) laboratory; and other members of the LPD, who were involved in the arrest of appellant, testified. After hearing this evidence and the testimony presented by appellant, the trial court assessed appellant's punishment at confinement in the ID-TDCJ for a term of 55 years on each case. All terms of confinement were ordered to run concurrently.

Appellant gave notice of appeal, and presents three issues for the Court's consideration. The first two issues apply to all of the cases presented for review. By these issues, appellant contends that the trial court abused its discretion by denying his motion for continuance, and in admitting the controlled substances into evidence. By his third issue, which applies to No. 07-11-0204-CR only, appellant contends that the trial court abused its discretion in admitting a motor vehicle recording (MVR) of the arrest into evidence. Disagreeing with appellant's contentions, we affirm the judgments of the trial court.

4

## Continuance

We review the trial court's ruling on a motion for continuance under an abuse of discretion standard. See Gallo v. State, 239 S.W.3d 757, 764 (Tex.Crim.App. 2007). In order to establish an abuse of discretion, appellant must show that he was actually prejudiced by the denial of the motion for continuance. See id.

Appellant sought the continuance for two reasons. First, appellant asserted that he was suffering the effects of a fall in the jail and, as a result, was in considerable pain. Second, appellant asserted that he needed a continuance to acquire new counsel because his appointed counsel did not have his best interest at heart.

Reviewing the record concerning the first reason given for the motion for continuance, we find that the trial court was able to observe appellant prior to ruling on the motion, and stated on the record that appellant did not appear to be having any difficulty in communicating with the court. Additionally, after appellant had entered his plea of guilty and the State had rested its case on punishment, appellant called Brooks Russell as a witness. Russell was the jailer on duty at the Lubbock County Detention Center who observed appellant slip and fall in a water spill inside his confinement pod. Russell testified that, when the fall occurred, he went to appellant and asked him to stay on the floor until medical assistance could be obtained. Appellant refused to stay down and insisted upon getting up. Russell sent appellant to the infirmary where he was given a medical clearance. Additionally, the record contains nothing that could be considered proof that appellant's medical condition in any way prejudiced his ability to converse with his attorney or otherwise assist in his own defense. Essentially,

5

appellant's brief simply asserts that his medical condition impacted his ability to concentrate on the matters before the trial court. Simple assertions of harm or prejudice are not sufficient to show the trial court abused its discretion in overruling a motion for continuance. See Gonzales v. State, 304 S.W.3d 838, 843 (Tex.Crim.App. 2010).

Appellant also moved for a continuance based upon his perception that his trial counsel did not represent his best interest. Here, again, all we have before the Court are appellant's bare assertions. The record contains nothing that could be construed as evidence that appellant was harmed or prejudiced by the trial court's denial of the motion for continuance on this basis. In fact, the record contains more than one statement from appellant that he was satisfied with his trial counsel's representation of him. Under this state of the record, the trial court's denial of the motion for continuance based upon appellant's perceived unhappiness with trial counsel was not an abuse of discretion. See Gallo, 239 S.W.3d at 764. Accordingly, appellant's first issue is overruled.

Evidentiary Issues

Through his last two issues, appellant contends that the trial court abused its discretion by admitting into evidence the cocaine and an MVR of his arrest. The first contention applies to all of the cases. The second contention applies only to No. 07-11-0204-CR.

As these issues relate to the trial court's admission of evidence, we review the decisions under the abuse of discretion standard. See Billodeau v. State, 277 S.W.3d 34, 39 (Tex.Crim.App. 2009). The test for abuse of discretion is whether the trial court

6

acted without reference to any guiding rules and principles. <u>Montgomery v. State</u>, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990). A reviewing court applying the abuse of discretion standard should not reverse a trial judge's decision whose ruling was within the zone of reasonable disagreement. <u>Green v. State</u>, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996).

<u>Admission of Cocaine</u>

During the punishment hearing, numerous exhibits were offered into evidence. These exhibits consisted of the cocaine purchased by undercover police officers from appellant, and cocaine seized from appellant's person when he was arrested. As each exhibit was offered, the State established a chain of custody that went from the officer, who either "bought" the cocaine from appellant or seized the cocaine from appellant, to the LPD property room. From the LPD property room, the chain went to the officer who transported the evidence to the DPS regional lab. The lab identified each exhibit by a lab number. After analysis, the items were again picked up by an LPD officer and returned to the property room, where the items remained until trial. When questioning the various officers, the State asked if the bag or baggie that the item of evidence was deposited in appeared to have been tampered with or appeared the same as the last time the officer saw the exhibit. Some officers gave an explicit statement that it had not been tampered with, while others said it appeared to be the same. Seizing upon this type of language, appellant now contends that the chain of custody was not adequately proven to admit the evidence. Additionally, appellant asserts that the use of the LPD case number to identify the exhibits did not prove the chain of custody because the

7

case numbers were not included in the indictments that resulted in appellant's convictions. However, we disagree with appellant's contentions.

The record establishes which officer seized the evidence, and that each officer was able to identify the evidence by use of the LPD case number, which corresponded with the LPD case number placed on the seized item. Further, the evidence showed who retrieved the evidence from the property room and took it to the laboratory for examination. Thereafter, the record reflects which case number corresponded to which laboratory number, and the results of the examination. This type of testimony is clearly sufficient to identify the exhibits for admission under a proper chain of custody. See Stoker v. State, 788 S.W.2d 1, 10 (Tex.Crim.App. 1989). In the absence of evidence of tampering, once the exhibits have been properly identified, questions that go to the subsequent care and custody of the evidence go to the weight, and not the admissibility, of the evidence. See Lagrone v. State, 942 S.W.2d 602, 617 (Tex.Crim.App. 1997).

There is nothing in this record to support any insinuation that the evidence has been tampered with. See id. Accordingly, the trial court did not abuse its discretion in admitting the exhibits. See Billodeau, 277 S.W.3d at 39. Appellant's issue is overruled.

Admission of MVR

Finally, appellant complains about the admission of the MVR of appellant's arrest. Appellant contends that there is nothing in the record to support the officer's training in operating the MVR. Additionally, appellant contends that there is nothing in the record to support the officer's testimony that the CD copy of the MVR, which was

8

produced at trial, was produced by a device capable of producing an accurate reproduction of the original MVR.

To support these allegations, appellant has cited the Court to Edwards v. State, 551 S.W.2d 731, 733 (Tex.Crim.App. 1977). The problem with appellant's analysis under the seven part Edwards test is that the test predates the adoption of the Texas Rules of Evidence.[7] Subsequently, the Texas Court of Criminal Appeals ruled that any thought that the Edwards test was maintained after the adoption of the Rules was erroneous. See Angleton v. State, 971 S.W.2d 65, 68-69 (Tex.Crim.App. 1998) (holding that the Court's opinion in Kephart v. State, 875 S.W.2d 319 (Tex.Crim.App. 1994), that the Rules maintained the pre-rules authentication requirements was erroneous and overruled). Rather, the requirements for admission of the CD of the MVR are: 1) the copy accurately depicts the contents of the original recording, 2) the voices on the recording are identifiable, and 3) the depiction of the conversation on the recording is accurate. See id. at 67.

In the present case, during direct examination, the officer testified as to each of the requisite requirements for admission of the CD. As such, the trial court did not abuse its discretion in admitting the exhibit. Billodeau, 277 S.W.3d at 39. However, appellant has another objection to the introduction of the exhibit. This objection was that there were gaps in the sound portion of the recording.

---

[7] Further reference to the Texas Rules of Evidence will be by reference to "Rules" or "Rule ___."

While being questioned about these gaps, the officer testified that the older VHS type of MVR's are, at times, susceptible to interference from a number of sources. This is what the officer attributed the gaps to. He fully explained that the gaps were present on the original MVR also. The <u>Angleton</u> court was faced with a similar problem. There, the gaps were in an audio tape but the court concluded that, although the tape in question was difficult to understand and was unintelligible in some places, nevertheless the recording contained periods of cohesive, coherent conversation and was admissible. <u>Angleton</u>, 971 S.W.2d at 68. In the CD at issue, the video portion is complete without any gaps. There are significant gaps in the audio portion; however, most of these gaps are while appellant is seated in the patrol car. At the end of the day, the objection lodged by appellant at trial went to the weight the court might give the evidence and not to the admissibility of the CD. Accordingly, we find that the trial court did not abuse its discretion in admitting the CD. <u>See</u> <u>Billodeau</u>, 277 S.W.3d at 39.

Appellant's brief also posits an objection to admission of the CD under the rule of optional completeness. <u>See</u> Rule 107. However, nowhere in appellant's brief are we cited to the record that would demonstrate that an objection to admission of the CD was raised under this theory. Accordingly, this issue is not preserved for appeal. <u>See</u> TEX. R. APP. P. 33.1.

Conclusion

Having overruled appellant's issues, the judgments of the trial court are affirmed.


Mackey K. Hancock
Justice


Do not publish.