**AFFIRM; and Opinion Filed August 11, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-13-01401-CR

_____

### FRED ERNEST PERATTA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**
**Grayson County, Texas**
**Trial Court Cause No. 2012-2-0636**

## MEMORANDUM OPINION

Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Lewis

A jury found appellant Fred Ernest Peratta guilty of driving while intoxicated and assessed his punishment at 180 days in jail and a $500 fine. The jury also recommended appellant be placed on community supervision. The trial court's judgment suspended appellant's 180-day sentence and placed him on community supervision for eighteen months. In a single issue, appellant contends the trial court erred by admitting into evidence—over appellant's objection—the videotaped recording of his traffic stop. We issue this memorandum opinion because the law to be applied in the case is well settled. TEX. R. APP. P. 47.4. We affirm the trial court's judgment.

Appellant was driving in Grayson County on the evening of February 24, 2012, when he was stopped by Department of Public Safety Trooper James Walters. Walters testified he had watched appellant drive out of a bar's parking lot and decided to follow him. Walters initiated

the traffic stop when he observed appellant make a left turn at an intersection without using his turn signal. Walters approached appellant's vehicle, and when appellant rolled down his window, Walters could smell "the odor of an alcoholic beverage" and see that appellant's eyes were bloodshot and glassy. Walters decided to perform field sobriety tests on appellant. Walters testified to the nature of these tests, how he performed them on appellant, and the results that evidenced appellant's intoxication. Appellant denied he had been drinking, and Walters asked if he would agree to take a breath test; appellant declined the breath test and also refused to give a blood sample. Walters testified he decided to arrest appellant "[b]asically [because of] everything that I had seen. I knew that he had just left a bar. The odor of an alcohol[ic] beverage coming from him, his bloodshot eyes, his performance of the field sobriety tests, and then him refusing to take the portable breath test."

When appellant refused both breath and blood tests, Walters prepared an affidavit to support a search warrant so a blood sample could be taken despite appellant's refusal. To help him describe the sobriety tests accurately in the affidavit, Walters took the video recording of the stop out of his patrol car and watched a portion of it in the police station. When the affidavit was complete, he returned to his car and replaced the video. He testified that his usual practice would be to fast-forward to the end of the recording of the stop and then to begin any new recording at that point. However, Walters testified that on this occasion he forgot to fast-forward the recording. As a result, when Walters started the recorder again, he inadvertently taped over a portion of appellant's stop, and the recording did not show all of the sobriety testing or the actual arrest.

When the State offered the recording, appellant's counsel elicited Walters's testimony that what remained of the stop on the video was accurate, but that the video had been "altered" to the extent a portion of the stop was taped over. Counsel objected that a proper predicate had not

–2–

been laid for the exhibit because it had been altered and was not a fair and accurate depiction of what occurred during the stop that night. The State responded that the video was accurate as to what was depicted, and thus the predicate was proper. The trial court overruled appellant's objection.

We review the trial court's decision to admit evidence for an abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). There is no abuse of discretion in admitting evidence if the trial judge reasonably believes that a reasonable juror could find the evidence has been authenticated. *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007).

Appellant complains specifically that the trial court failed to apply the test for admission of sound recordings that is set forth in *Edwards v. State*, 551 S.W.2d 731 (Tex. Crim. App. 1977), when it admitted the video in this case. In *Edwards*, the court of criminal appeals adopted these seven factors as the proper foundation for authenticating a sound recording:

> (1) a showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of the authenticity and correctness of the recording, (4) a showing that changes, additions, or deletions have not been made, (5) a showing of the manner of the preservation of the recording, (6) identification of the speakers, and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement.

*Id.* at 733. However, the *Edwards* test has been superseded by the rules of evidence. Rule 901 of those rules now governs authentication of evidence, and it asserts:

> The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

TEX. R. EVID. 901(a). Indeed, the court of criminal appeals has held that "attempts to cling to the *Edwards* test after the enactment of Rule 901 will result in unwarranted confusion for practitioners, trial courts, and appellate courts." *Angleton v. State*, 971 S.W.2d 65, 69 (Tex.

Crim. App. 1998). In contrast, rule 901 is "straightforward, containing clear language and understandable illustrations." *Id.*

We apply rule 901 in appellant's case and ask whether the evidence establishes the recording is what the State claims it is, i.e., an accurate representation of a portion of Walters's interaction with appellant on the night of appellant's arrest. Rule 901 provides a nonexclusive list of methods for authenticating evidence; the list includes the testimony of a witness with knowledge. TEX. R. EVID. 901(b)(1). Walters, a witness with knowledge, acknowledged the recording did not show the entirety of the sobriety testing or the arrest, but he testified that "the parts that are on the video" are fairly and accurately depicted. This testimony was sufficient to authenticate the recording.

We conclude the trial judge could have reasonably believed that a reasonable juror could find the video was what it purported to be. *See Druery*, 225 S.W.3d at 502. Therefore, we discern no abuse of discretion, and we overrule appellant's single issue. We affirm the trial court's judgment.

/David Lewis/

DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131401F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FRED ERNEST PERATTA, Appellant

No. 05-13-01401-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 2, Grayson County, Texas
Trial Court Cause No. 2012-2-0636.
Opinion delivered by Justice Lewis,
Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of August, 2014.