**Opinion issued July 30, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00579-CR

————————————

**MAYRA FLORES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1280239**

---

### MEMORANDUM OPINION ON REHEARING

Appellant, Mayra Flores, was charged by indictment with murder.[1]  The jury

found her guilty, and the trial court assessed punishment at 25 years' confinement.

---

[1]   *See* TEX. PENAL CODE ANN. § 19.02(b) (Vernon 2011).

In one issue, Appellant argues the trial court abused its discretion by admitting the two audio recordings of her custodial interrogation.

On June 11, 2015, we issued our original opinion in this case. On June 25, 2015, Flores filed a motion for rehearing. We deny the motion for rehearing, withdraw our prior opinion and judgment, and issue this opinion and a new judgment in their place. Our disposition remains the same.

We affirm.

## Background

On October 3, 2010, Appellant and her boyfriend, Francisco Castellano, were arguing. In the course of the argument, Appellant stabbed Castellano, ultimately killing him. Officers W. Kuhlman and R. Hunter interrogated Appellant. Officer Kuhlman recorded the interview. Thirty-six minutes into the interrogation, the recording device stopped. About 20 minutes after that, Officer Kuhlman began recording again. The interrogation lasted for another 35 minutes before the recording ends.

At trial, Appellant sought to suppress the admission of the two audio recordings, claiming the recording cutting off at the end of the second recording prevented the State from establishing the admissibility requirements for both recordings. The trial court overruled the objection and admitted both recordings.

**Motion to Suppress Interrogation Audio Recordings**

In her sole issue on appeal, Appellant argues the trial court abused its discretion by admitting the two audio recordings of her custodial interrogation.

**A. Standard of Review**

We review a trial court's denial of a motion to suppress under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for abuse of discretion and review the trial court's application of the law to the facts de novo. *Id.* Almost total deference should be given to a trial court's determination of historical facts, especially those based on an evaluation of witness credibility or demeanor. *Gonzales v. State*, 369 S.W.3d 851, 854 (Tex. Crim. App. 2012). At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of the witnesses' credibility and may choose to believe or disbelieve all or any part of the witnesses' testimony. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

Where, as here, a trial judge does not make explicit findings of fact, we review the evidence in the light most favorable to the trial court's ruling. *Walter v. State*, 28 S.W.3d 538, 540 (Tex. Crim. App. 2000). We will defer to the trial court's fact findings and not disturb the findings on appeal unless the trial court

abused its discretion in making a finding not supported by the record. *Cantu v. State*, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991).

**B.     Analysis**

Appellant's objection to the two audio recordings is based on article 38.22 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (Vernon Supp. 2014). Section three of article 38.22 establishes certain requirements for the admissibility of the recording of a custodial interrogation. *Id.* art. 38.22, § 3(a). One of the requirements is "the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered." *Id.* art 38.22, § 3(a)(3). Appellant argues that, because the recording stopped recording and left a 20-minute portion of the interrogation unrecorded, the recording of the interrogation is not accurate.

As an initial matter, Appellant asserts in her brief that Officers Kuhlman and Hunter continued to talk with her for 20 minutes after the second recording stopped, that they discussed the events surrounding Castellano's death, and that she made exculpatory statements that are not otherwise in the recordings. While Appellant testified to this effect during her examination and cross-examination at trial, this testimony was not before the trial court at the time Appellant raised the motion to suppress earlier in the trial. Because this evidence was not before the trial court, it is not part of our appellate review. *See Weatherred v. State*, 15

4

S.W.3d 540, 542 (Tex. Crim. App. 2000) (holding appellate court reviews trial court's ruling on admissibility of evidence "in light of what was before the trial court at the time the ruling was made"). Accordingly, there was no evidence before the trial court at the time of the ruling that the conversation continued for any length of time after the recording cut off or that any statements were subsequently made that would call into question the accuracy of the nearly hour-long recorded conversation. Although Appellant continues to argue in her motion for rehearing that her conversation with the police lasted another 20 minutes after the second recording stopped and included exculpatory information, she presents no argument for how this evidence was before the trial court at the time it made its ruling.

Appellant's argument is premised on the idea that, because it ended abruptly, the second recording has been altered, rendering it inadmissible pursuant to article 38.22. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a) (establishing condition for admissibility that recording has not been altered). In *Quinones*, the defendant claimed his recorded statement was inadmissible because, in part, "the tape had been altered by [a] fifteen second tapeover." *Quinones v. State*, 592 S.W.2d 933, 943 (Tex. Crim. App. 1980). The Court of Criminal Appeals held that "any alteration in a tape [does not] render[] the tape per se inadmissible. If the alteration is accidental and is sufficiently explained so that its presence does not affect the

5

reliability and trustworthiness of the evidence, the recording can still be admitted." *Id.* at 944.

*Quinones* was decided under a framework that predates article 38.22. *See id.* at 943 (citing *Edwards v. State*, 551 S.W.2d 731, 733 (Tex. Crim. App. 1977)). Since the enactment of article 38.22, however, the Court of Criminal Appeals has confirmed that inadvertent anomalies that do not affect the overall reliability of the recording do not constitute the impermissible sort of alteration contemplated by section 3 of article 38.22. *See Maldonado v. State*, 998 S.W.2d 239, 244–46 (Tex. Crim. App. 1999) (citing CRIM. PROC. art. 38.22, § 3; *Quinones*, 592 S.W.2d at 944); *see also Martines v. State*, 371 S.W.3d 232, 244 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Maldonado* and *Quinones* for same proposition).

In *Maldonado*, the defendant complained of a three-second and a one-second portion of the recording of his statement that had been "over-recorded." *Id.* at 244. The Court of Criminal Appeals noted there was no evidence that the over-recordings were intentional and they did not occur during his admission to killing the victim. *Id.* at 244–45. Based on this, the court held, "There is adequate evidence here to support the . . . conclusion that the anomalies were merely inadvertent and did not affect the overall reliability of the tape." *Id.* at 245.

Assuming without deciding that an abrupt ending to a recording constitutes an alteration, there was no evidence that the abrupt ending was anything other than

inadvertent. Furthermore, the recording did not end while Appellant was discussing the events leading up to Castellano's death. Officer Kuhlman testified that the recordings "fairly and accurately depict[ed] the conversation that [he] had with the defendant on that day." There was nothing before the trial court at the time it made its ruling to contradict this testimony. We hold Appellant has failed to establish how the trial court abused its discretion by admitting the recording into the record.

We overrule Appellant's sole issue.

**Conclusion**

We affirm the judgment of the trial court.



Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).