

# NUMBER 13-17-00362-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RODNEY CORTEZ,                                                                Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

On appeal from the County Court at Law
of Aransas County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Rodriguez**

Appellant *pro se* Rodney Cortez appeals his conviction for resisting arrest, a Class

A misdemeanor.  *See* TEX. PENAL CODE ANN. § 38.03 (West, Westlaw through 2017 1st

C.S.).  By one issue, Cortez argues that the State failed to lay the proper predicate for

the admission of video evidence depicting his arrest. Cortez contends that the trial court therefore reversibly erred in admitting the videos. We affirm.

## I. BACKGROUND

Cortez was charged with the offense of resisting arrest, which was alleged to have occurred on or about September 30, 2016. *See id.* Following trial, a jury found Cortez guilty as charged, and the trial court assessed punishment at ninety days in county jail. Cortez appeals.

On appeal, Cortez complains of the admission of three videos. The first was a dashcam video depicting Officer Chad Brooks arresting Cortez for the offense of driving without a license. In the video, Officer Brooks followed a silver vehicle into an apartment complex, parked his patrol car, and approached the driver's window. The driver was Cortez. Officer Brooks told Cortez that he was being detained for driving without a license.[1] The video showed Officer Brooks directing Cortez to step out of the vehicle and place his arms behind his back. Cortez stepped out of the vehicle but kept his arms rigidly in front of him. Officer Brooks then attempted to pull Cortez's arms back so that he could apply handcuffs, but Cortez strained to keep his arms in front of him. Cortez's arms were wrestled into handcuffs as he protested that he had done nothing wrong. When the arrest was completed, Officer Brooks placed Cortez in a patrol car.

Officer Brooks testified that he recognized the video as a recording from his patrol car's dash camera, which he activated as he pursued Cortez's vehicle. Officer Brooks explained that he had reviewed the video and that it appeared to be a true and accurate

---

[1] Officer Brooks and Cortez testified that they had preexisting familiarity with one another.

representation of the events that took place on September 30, 2016. The State proffered the video.

Cortez objected, arguing, "We've had no predicate for the—how it was done, the operation of the machinery, the equipment or any of that. This is just simply the predicate for a photograph, not for a video." The trial court overruled the objection and admitted the video as exhibit 1.[2]

The second video was captured by Officer Brooks's body camera, which depicted the same sequence of events as those captured in exhibit 1. Officer Brooks explained at trial that the body camera was affixed to his uniform and he activated it before beginning his investigation. Officer Brooks testified that he recognized the second video as the video captured by his body camera, that he had watched the video with the prosecutor, and that the video was a true and accurate reflection of the events that took place on September 30, 2016. Cortez objected to the admission of the second video, again arguing that the State had only laid a predicate for the admission of a photograph, not for a video. Over objection, the trial court admitted the video as exhibit 2.

Finally, the State offered a third video captured by the body camera of Officer Brian Cantu, who arrived shortly after Officer Brooks and assisted with the arrest. Officer Cantu testified that he recognized the third video as the footage captured by his body camera on the day of Cortez's arrest. According to Officer Cantu, the video provided an

---

[2] In the appellate record, the numbers of exhibits 1 and 2 are transposed, such that the video which was admitted as exhibit 1 in the trial court is instead labeled exhibit 2 in the record, and vice versa. This mislabeling poses no obstacle to our review of the merits of the case.

accurate account of the events that unfolded on September 30, 2016. Cortez repeated his prior objection, but the trial court admitted the video as exhibit 3.

## II.    DISCUSSION

By his sole issue, Cortez argues that the State never laid the proper predicate for the admission of a video recording with audio. According to Cortez, the State only laid the predicate for admission of photographs, which will not support admission of a video with audio.

Appellate review of a trial court's ruling on authentication issues is done under an abuse of discretion standard. *Fowler v. State*, 544 S.W.3d 844, 848 (Tex. Crim. App. 2018). This deferential standard requires an appellate court to uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Id.* A trial court judge is given considerable latitude with regard to evidentiary rulings. *Id.*

Cortez's argument refers to the scheme of admissibility discussed in older cases, under which the authentication of photographs required a much simpler predicate than the authentication of video recordings with audio. Under this former scheme, the admission of video recordings with audio required "reasonably strict adherence" to a seven-part test:

> (1) a showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of the authenticity and correctness of the recording, (4) a showing that changes, additions, or deletions have not been made, (5) a showing of the manner of the preservation of the recording, (6) identification of the speakers, and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement.

4

*Roy v. State*, 608 S.W.2d 645, 649 (Tex. Crim. App. [Panel Op.] 1980); *see Edwards v. State*, 551 S.W.2d 731, 733 (Tex. Crim. App. 1977) (requiring "reasonably strict adherence" to this test). This was distinguished from the simpler, two-part predicate for the admission of photographs: "proof of (1) its accuracy as a correct representation of the subject at a given time, and (2) its material relevance to a dispute issue." *See Huffman v. State*, 746 S.W.2d 212, 222 (Tex. Crim. App. 1988) (en banc).[3]

However, more recent cases make clear that the elaborate, seven-part test discussed in older cases is no longer necessary even for video with audio. *Angleton v. State*, 971 S.W.2d 65, 68–69 (Tex. Crim. App. 1998). Instead, under current law, the test for authentication of a video with audio is simply the general test for authentication of evidence under rule 901, which requires that the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. *Id.*; *see* TEX. R. EVID. 901(a). Rule 901 provides multiple illustrations of the sorts of evidence that may achieve this task, including testimony by a witness with knowledge "that an item is what it is claimed to be." *Id.* R. 901(b)(1).

Here, the State sponsored testimony by the witnesses whose cameras captured video of the events as they unfolded. The witnesses testified that they were familiar with the content of the videos, which truly and accurately represented the events that the officers witnessed on September 30, 2016.[4] The trial court therefore heard clear and

---

[3] This simpler predicate was also held to apply to videos without audio, since silent videos were comparable to a series of photographs. *See Huffman v. State*, 746 S.W.2d 212, 222 (Tex. Crim. App. 1988) (en banc).

[4] Following admission, the content of the videos confirmed that they were what the State asserted them to be: videos from the distinctive vantage point of an officer's body camera or dash cam, respectively,

5

direct testimony that the videos were what the State claimed them to be.   *See id.*   This testimony brings the trial court's decision to admit the videos within the zone of reasonable disagreement.   *See Fowler*, 544 S.W.3d at 848.   We therefore cannot say that the trial court abused its discretion.   *See id.*

We overrule Cortez's sole issue on appeal.

### III.   CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of August, 2018.

---

with content that matched the witnesses' description of the events as they unfolded.   *See* TEX. R. EVID. 901(b)(4).